welcome counsel. We're happy to have you. This case is United States v. Lucas, number 19-3427. And we will hear from counsel. Mr. Cowden, would you like to reserve some time? Yes, I would your honor, five minutes. Five minutes, that's granted. I will be timing argument, I suggest you do so too. And without further ado, we'll hear from Mr. Cowden. And your honor, do I have 15 minutes or 20? Oh, it's 15. 15, okay. Well, 15 total, but now you have 10 because you took five. Thank you, your honor. Your honor, may it please the court. Good morning, counsel. I think, you know, civil criminal forfeiture has been, it seems to be confusing, and it seems to sometimes continue to confuse the courts. In this case, though, I went back and I looked back through the briefs and I looked back through the district court's opinion. And I think that it does become clear where the district court made errors in this case, if we look at the opinion. And so I think maybe the easiest thing to do is to just reference the opinion for the court. If we look at the district court's opinion on page three, what it does on page three, this is joint appendix, page 10. And in the opinion, the court certainly cites the right standards under section 853 and six as to what it needs to look at, because the ancillary proceeding, which is what we were talking about in this case, it's really a quiet title action. And the question is, did the petitioner have superior title to the asset being forfeited at the time that the defendant committed the criminal activity, which is 853 and 6A, or is the petitioner a bona fide purchaser for value without notice that the property was subject to forfeiture, which is the B provision. The court gives the right citation, and then it says, the government has moved to dismiss the petition based on a lack of standing or on the alternative for summary judgment. In the government's view, Diamond Developers is a mere nominee of defendant without dominion and control over the subject property and does not have standing to challenge the forfeiture of the property. The district court specifically rejects that. If we go to page eight of the court's opinion, which is joint appendix, page 15, the court says, the first full paragraph, taken together, the facts demonstrate that the other members of the company exercise some degree of dominion and control and were not mere nominees. Accordingly, I find that petitioner has established tolerable ownership interest in the property. In other words, petitioner is not a mere nominee of the defendant, Andrew Lucas. So then the court also goes, counsel, I thought you said you were going to tell us about the errors the district court made. Well, so the error here is, once the court finds that petitioner is not a mere nominee, then petitioner, then the second question is, when did petitioner acquire its ownership interest? And the court says on page six, the company and its ownership of the joint appendix, page 13, one, two, three, four, five lines down, where it says the company and its ownership of the property pre-existed defendant's criminal activity. So once the court has found petitioner, Diamond Developers, LLC is not a mere nominee. And once it's found that its ownership interest in the farm pre-existed Lucas's criminal activity, it had to find that under section 853 and 6A, petitioner's right title and interest in the property pre-existed defendant's criminal activity, and therefore were done for the effort to forfeit petitioner's property in defendant's criminal case. Then the question is, if there's an issue, you know, it goes back to the court saying, the government also says that there's some clean hands doctrine in here because they say that petitioner's wife might have known what defendant's criminal activity was. If that's the case, that's where you file a civil forfeiture case. That's the whole idea. Once you find that the property is owned by somebody independent of the defendant and owned that property before the defendant committed the misconduct, were done on a criminal forfeiture case and under rule 32.2, the court then must remove that property from the defendant's criminal forfeiture order and proceed with the rest of the defendant's sentence. Mr. Cowden, I want to make sure I understand your argument. It seems very simplistic and I don't mean that as a pejorative. As I understand your argument, you're saying that Diamond developers owned this property before Lucas's criminal behavior. And I think the record indicates that Diamond developers owned it in 2004, as early as 2004. And Lucas did not submit the fraudulent mortgage application until 2009. Correct? Correct, your honor. All right. So you're saying Diamond developers owned it before the criminal conduct and Diamond developers owns it therefore, under the language of the statute 853 N6A, this forfeiture can't work. Is your argument that simple? It is that simple, your honor. Then here's my concern. What about the government's argument, which I take to be more an argument from equity, not an argument from the language of the statute, because we just went through the language of statute, which seems to support your case. But the government's point is now, hold on a minute. The only reason we're being thwarted here is because Lucas's fraud enabled Lucas and his cohorts to acquire the LLC. And it might make an ass of the law to allow Lucas and his cohorts to profit from that fraud. What's your response to that? Your honor, we need to follow the statute. And what the statute says is, unless the statute has an exception, the courts have built in an exception to the statute. It's not really an exception to the statute, but it's a recognition that if the LLC were the mere nominee of defendant Lucas, then you're really forfeiting Lucas's property, not the LLC's property. Well, you pointed out district court found to the contrary. So that's unavailing to the government. So once you have that issue, the government has no remedy here that Lucas is going to, quote, get away with it because of this technicality. Well, what the government has not tried to do is to forfeit Lucas's interest in the LLC. That's the government's remedy. The government should have done that, right? If you were the prosecutor here, that's what you would have done, right? In a criminal case, that's what it's allowed to do. If it wants to forfeit other people's in the LLC, and those interests are independent of the defendants, it has to either charge them with the crime and forfeit it criminally through their case or sue the property in a civil forfeiture case in which the other owners can come in and defend in a civil case. What they've done in here is they've tried to do what's a real criminal case where- It's a shortcut. So you've just articulated two potential remedies the government has here, and your argument boils down to they're taking a shortcut. They're not doing it the right way. Absolutely not doing it the right way. And the courts, there's tremendous case law out there talking about how if you qualify under 853 N6A as a preexisting owner, the court says, we don't care if you knew the defendant committed misconduct, that's separate and apart something you could bring up in a civil forfeiture case. Or if they knew it and they participated in it, you can charge them with a crime. What you can't do is you can't forfeit an independent party's ownership interest in somebody else's criminal case. You can't, and that's what 853 N6- The key phrase being independent party. If it were the alter ego or the nominee, then they can get through it. That's correct, your honor. The case law is clear on that because if they're the alter ego or a mere nominee, then the defendant is really the owner of the property. But here, the courts already found that there are other people who own the LLC and the LLC owns the property. So when you try to forfeit the wife's interest in the LLC through the defendant's criminal case, unless she really doesn't have an interest because it's all Lucas's interest, then we have a problem. And the court found she has an independent interest in the LLC. And the government talks about it. Maybe the court gets a little confused about not pointing out they're not trying to forfeit Lucas's interest in the LLC. They were trying to forfeit the LLC's interest in a farm. And that's the problem. So they took the whole enchilada when they might be entitled to take 50% of it and negotiate with the wife. Either she buys out the government's interest or they buy out hers. That's typically how these are done. If this is a home and the that's co-owned with the wife, typically there's a negotiation. One of them's going to keep the home and the other one's going to pay the other party. But here they have tried to take all of her property or all of her interest in an LLC by trying to forfeit the property that the LLC owns. Counselor, can I ask you a question? What type of consideration did the other members of the LLC, if any, contribute? In other words, what did Brianne and Edward contribute money-wise? There's two issues to understand, Judge. First of all, the LLC was insolvent. So to acquire the LLC itself, what everybody did was they agreed to assume the debt of the LLC. So they didn't pay the original owners of the LLC anything because it was underwater. The original owners bought this to develop land. That went south with the housing market. They couldn't pay their mortgage. So what these guys did is they said, we've got a plan that will pay off the mortgage one day to designate it as farmland and keep it that way. So they didn't pay anything to acquire the LLC out of pocket, but they did agree to assume the mortgage. They agreed to personal liability on the mortgage. Brianna Lucas came to the closing where the mortgage was transferred over with $7,000 of closing costs. And then they agreed to, she continued to work the farm and to assist in paying the mortgage, to generate revenue to pay the mortgage until the Farmland Preservation Program brought money to the LLC in exchange for designating the land as farmland, which then paid off the mortgage. So the reason that the LLC owns the property free and clear is because of the farmland preservation money, which the government doesn't allege has any dirty money at all. Right. Okay. So I know about the 7,000, is there other valuable considerations she contributed? I'm talking, I'm not talking about. I think she's the only one who put any money out of pocket, uh, at that, you know, in, in terms of the idea where the LLC shares went over to the new members. The only money that came out of anybody's pocket, I believe was the LLC for hers was a 7,000. I don't think her husband put all their money up. I think it was just hers. And that's as far as I know, that's the only information in the record that was the government asked for some discovery. Those were the discovery responses that she submitted. And then the judge decided summary judgment on the basis of the discovery responses in the government's motion for summary judgment. I believe my time is up. Well, let me, let me just point out. And I think when you look at what the district court's opinion says and where, uh, the problem here, then I think if we turn to footnote nine of, of, of, uh, of diamond developers opening brief, it's on page 21, that sort of summarizes encapsulates what the real problem is here. But I think it is judge Harmon points out in focusing me on that. It's the same argument that I make is that the statute says, this is the rule and we need to follow the rule. And there are other mechanisms. If you, if you want to forfeit other people's interests and those interests are independent, there's a mechanism to do it. And it's not through criminal forfeiture. All right. Thank you. Thank you. Council. Uh, let's see, Ms. Devlin May it please the court, uh, Sarah Devlin on behalf of the United States. Um, just to start off, uh, the, uh, now the district court properly, uh, found that diamond developers did not have a superior interest. The petitioners here did not have a superior interest in the farm. And, um, I'm just going to walk you through the proper framework for analyzing this because the, um, simplistic framework of my, that my opponent suggested is not correct. It's not correct to just look at this and say the LLC owned it, um, since 2004. And, uh, it can't be forbidden. That's not correct. First, we start with the defendant's crimes, which it's undisputed that his mortgage fraud and his, um, wire fraud made up the $525,000 mortgage he obtained by fraud and through false statements and the $250,000 down payment he obtained, um, by stealing from one of his clients made up the sole consideration that paid for the, uh, the purchase of the ownership interest in the LLC, which owned the farm. Where does, where does 853N have anything to do with that? I'll get to that. So given that, sure. Okay. Well, so I'm looking at 853N and 853N doesn't say anything about how bad a guy Lucas is or what his crimes are. 853N says that a third party petitioner can challenge a forfeiture if it has a legal right title or interest in the property that was vested in Diamond Developers, uh, rather than the developer, the defendant or was superior. So sure. Okay. Just when did, when did Diamond Developers interest vest in this property? Okay. If you let me get to this. So the, the mortgage and the down payment that paid for the, the ownership interest in the LLC, which owned the farm are criminal proceeds. It's proceeds under the statutory definition under 981A1C and 982. When did, when did Diamond Developers interest vest in the property? Here it did not vest because under these criminal proceeds. I'm asking for a date. I'm asking for a date or a time or a month. When did Diamond Developers interest vest in this property? So Diamond Developers owned this property until March 2nd, 2010, which was the closing. Because, sorry, let me, I'm sorry. I'm not asking it clearly. When I say vest, I'm asking when did Diamond Developers, let me try it this way. When did Diamond Developers first acquire this property? It first acquired the property in 2004. Okay. But if I, if I may, as I said, proceeds paid for this in under 21 U.S.C. 853C, which is the relation back doctrine states that all title and proceeds vest in the United States upon the commit, upon the creation of those proceeds. So here title. When did the proceeds get created? So the, so there are two sets of proceeds here. First, on February 22nd, 2010 was the date that Mr. Lucas obtained the down payment from, from, from the client he defrauded. So the proceeds were yielded six years after Diamond Developers acquired the property? Yes. And, and also the, and then on the date of the closing, which is the day that the mortgage went through to pay for the property on March 2nd, that was the rest of the consideration for, for this farm. That was proceeds and title vested in the United States. And we have some, some questions about that, but, I just wanted to make sure that we're really, what the, what the appellant is asking the court to do is to treat it like the previous owners of the LLC, these two men Garofalo and Tucker. And in a normal real estate transaction, that would be the correct way to analyze this. But here, their interest in the LLC, which owns the farm was obtained completely with proceeds. And so the relation back doctrine is key here, 21 U.S.C.A. 53C, which is that title and proceeds vests in the United States government as soon as they are created. So the Lucas family never, under that statute, never really took title to the LLC. The United States interest vested immediately in the LLC and the farm upon this closing. So, you know, like I said, if this were normal, we shouldn't, we should, we should be looking at the individuals as opposed to the LLC. Doesn't it go against New Jersey law? Well, what I'm saying is that the United States cut off, you know, as soon as proceeds went into take, you know, what happened here was that there was a transfer in ownership of the LLC and proceeds, criminal proceeds are what led to that transfer. As soon as proceeds here were the reason for the transfer, the United States took over ownership of the LLC, which owned the farm. So I'm not saying that I'm not saying ignore the corporate form here, but the United States owned the LLC on the date, as of the date of the closing. And that is why, and as stated in the brief, in my brief, Hooper, Katala, it's well settled that third parties cannot take, have a superior interest to proceeds. So what's the significance then of Brianne throwing in $7,000, work in the farm, she and Edward, that must have significance, right? There's actually no significance. That's like saying I paid for your plane ticket to go to the closing for your house. So I get a piece of your house. Paying closing costs does not give you an interest in the land. What provided the interest in the land here was the $775,000, which was the consideration for taking over ownership of the LLC. And, you know, as I explained, the proper way to view this is to go through the statutes. These were criminal, this was fully funded by criminal proceeds. It's undisputed here. There was a jury finding. This court upheld the defendant's conviction on appeal. And there's no- Lucas and his cohorts took over Diamond Developers. You're arguing that Lucas and his cohorts are the alter egos or the nominees. Isn't that what you're arguing? No, I'm not arguing that they are the alter egos. In fact, that- Diamond Developers, if they're not the alter egos and Diamond Developers is a legitimate LLC, separate from Lucas, we know that Diamond Developers' interest, which dates back to 2004, preceded the government's interest in 2009-2010. Right, but as I said, you know, in February, on February 22nd, 2010, the proceeds were created which, in that the funds that made up the down payment here became proceeds because they were stolen from Mr. Janowski. On March 2nd, which is the date of the closing where the fraudulently obtained mortgage was approved and was used to allow this change in ownership in the LLC which owned the farm, the transfer here in ownership of the LLC was completely funded by proceeds. And as I said, under the Relation Back Doctrine, title vested immediately in the United States. So the United States, you know, under the under the statutory framework here, the United States took title to the LLC. The United States owned the LLC, and hence the farm. And so, as I said, under Hubert from the Ninth Circuit, even the Nicole case that I briefed a couple years ago- Stop me for a second, counsel. You said that the U.S. took ownership of the LLC. The LLC wasn't a defendant, was it, in the criminal case? It was not. All right. So only by virtue of Lucas and his convictions, the government took over the whole LLC? Well, because the interest in the change in ownership of the- in ownership interest in the LLC changed over- because, you know, going back to the facts here, the contract for sale here said that the previous owners would agree to sell all of the ownership interest in the LLC for $775,000. $525,000 of that had to be a mortgage. $250,000 had to be a down payment. It's undisputed, and the appellants do not dispute the fact that that whole consideration was paid with proceeds. Again, under relation back, the United States interest in those proceeds vested as soon as they were created. So the United States then took title to the- became the owners of the LLC then, because that was what the proceeds were invested in. And then, as I said, it's well settled case law that third parties cannot have a superior interest in criminal forfeiture of Lucas's interest in the LLC. Lucas was the defendant convicted of the fraud and other crimes, right? So why didn't the government seek forfeiture of his interest in the LLC? Well, I mean, here really the LLC, even Lucas's interest, is worthless. As I said, the defendant's wife and his father really were put on the LLC after- as my opponent conceded, after putting up no consideration at all. And the asset- Well, their argument is the consideration was the assumption of liabilities. That is- well, that is not consideration. Also, I think it confuses two concepts. Assuming liabilities is not consideration? Well, well- I think if you lie at a contract and you agreed to pay off my mortgage, that would be- that would be consideration, wouldn't it? You're assuming- Right. Well, let me back up here. So here, you know, third parties, just contrary to what my opponent says, it is completely proper for the government to forfeit the interest of third parties in property through a criminal forfeiture case. The Watts case and Nicole case, the Grossman case cited- all cited in my brief say that that is a proper way to forfeit property. Here, the farm really was the object- it's undisputed that the farm was the object of Mr. Lucas's scheme and is the valuable asset that he obtained as a result of the crime. And it's clearly the proceeds, it's property derived from or constitute- derived from his criminal violations. So it was completely proper for the United States to forfeit the farm here. And then the other members of the LLC were able to come forward and file a claim as they did here and present evidence that they provided valuable consideration in order to purchase the farm. But the statutory scheme here only lays out two exceptions, which would exempt the farm from forfeiture under A or B. They chose to make a claim under A. I think under B, being a bona fide purchaser for value, they haven't alleged that they were bona fide purchasers for value because they didn't provide any value and they did not make a purchase. Mr. Lucas- Mr. Lucas fully funded this through- When you're saying they, you're referring to the individuals who are members of the LLC, I take it? The other members of the LLC, yes. All right, but the petitioner is the LLC itself, not the members, right? Right, the petitioner is the LLC itself. And the LLC itself did not, you know, well because I guess the issue why this might be confusing is that it was a, you know, the Lucas family took control of the LLC and de facto then became owners of the farm. And so, but it was just, it was one transaction of proceeds which led them to own the farm. And really their argument is we should be able to keep proceeds because so long as you commit your crime this way, you take over an LLC that owns valuable assets and the LLC owned it before, name never changed, we get to keep proceeds, which is simply not the law. As I said, the law is that the United States interest title vested in the- There are other ways to get at the proceeds, right? If you lose this appeal, you're going to try to pursue Lucas and the property through other means, right? You're not without a remedy. Like civil forfeiture. But this is the proper remedy here. That's not my question. Let me ask it again. I'm sorry, I'm not asking clear questions. If you lose this appeal, you're not without a remedy, are you? I assume the government will pursue other remedies like a criminal forfeiture of Lucas' interest, Mr. Lucas' interest in the LLC and or a civil forfeiture of his family member's interest in the LLC. I mean, I suppose we could do that, but that wouldn't change anything. The facts are the same that this was completely purchased through- Well, it would change one thing. But as I said, our position is that what we did here does comply with the statutory framework. Understood. Because third parties cannot have a superior interest in criminal proceeds. It's well settled. Even this circuit has ruled that. And here, these third parties are trying to make a claim. This third party is trying to make a claim to criminal proceeds, which no court has allowed to happen. There's simply no case law that supports my opponent's position. Is this really about piercing the corporate veil of the LLC? No, there's no need to pierce the corporate veil here. As I said, the correct analysis is the fact that this was completely purchased with proceeds and proceeds are forfeitable to the United States. When you say this was completely purchased with proceeds, what's the this? The farm, which is the property. All right. But Diamond Developers bought the farm in 2004 before the criminal proceeds ever came to light. Correct? Right. But- So this petitioner purchased this farm with legitimate proceeds. And your real complaint is, I think, as Judge Shigaris just alluded to the fact that this petitioner is no longer owned by innocent third parties, but rather this petitioner is now owned by someone who has been deemed a convicted criminal and his family. I mean, that's not true. It's the fact that this petitioner was complete. Like, we could have forfeited the entire LLC because the LLC was purchased, changed hands as a result of criminal proceeds. So the LLC here is forfeitable. It's only asset. It's just a real estate holding company. It's only asset. The farm is forfeitable as well. And so we just took the more direct route, but the LLC itself is forfeitable proceeds of the defendant's crime. It's only asset is as well. So we used the proper procedure here. And in those cases, the claimants fall to the government for not forfeiting the defendant's interest in the LLC. And in both those cases, they're district court cases, but they are well reasoned. The district court said, no, it was completely within the government's discretion to directly forfeit the proceeds of the crime rather than the interest in the LLC. All right. Well, counsel, I think your time is up. Judge Hardiman, Judge Mady, do you have anything else? Okay. Thank you. Thank you, counsel. And we'll hear your friend for his five-minute rebuttal. Am I on? Can you hear me? Yes. Okay. Thank you. Thank you, Your Honor. Really briefly, I think the government has complained that we didn't raise a defense under 21 U.S.C. A53 N6B, which is the innocent owner defense. The innocent owner defense, I think Judge Hardiman has raised this concern. The innocent owner defense would have been a defense if the government were seeking to forfeit the proceeds, I'm sorry, if the government were seeking to forfeit the LLC rather than the farm. Because then the people who own the LLC have standing to contest the forfeiture of the LLC. And that would be the wife coming in and saying, listen, I acquired an interest in the LLC through paying $7,000 and doing other stuff for the LLC. So I'm an innocent owner under 853 N6B. But she doesn't raise that defense because she doesn't have standing because they didn't seek to forfeit her property, which is an ownership share in an LLC. They sought to forfeit the LLC's property. And that's why the LLC comes in and says, hold on a minute, it's not a nominee of the defendant, and therefore it's independent of him, and it's got a preexisting ownership, and you can't forfeit the LLC. As the court's pointed out, they might seek to forfeit Lucas's interest in the LLC through his criminal case. They haven't done that. Procedure matters, and that's why what they're doing here is wrong. And there's a mechanism for other members of the LLC to come in and contest the forfeiture of their interest in the LLC if they're innocent owners under 853 N6B. But they only have standing to do that if she's forfeiting or if the government is seeking to forfeit their interest in an LLC rather than the LLC's interest in the farm. Second thing that I think the government's spending a lot of time on is procedure. The LLC owns this farm independent of a lien because of the money that the state of the government is complaining that some proceeds here, it's seeking to forfeit proceeds. The proceeds went to the bank. So, I mean, the money never left the bank. There isn't like any money went to the former LLC owners to pay anything. The transaction transfer in the LLC was just take over the mortgage. Mortgage is now assigned to the new owners. There was a pay down of some of the debt that the bank agreed to reassign the mortgage. But proceeds didn't go anywhere. But that's all irrelevant because that's not what they sought to forfeit. What they sought to forfeit was a farm that an LLC owns. And procedure matters. And if you look at what they did, petitioner has a defense under 853 N6A. And if they had tried to do the other one by forfeiting the LLC, that would be like forfeiting a house that is owned by husband and wife, then the wife can come in and say, look, I'm a part owner of the house. And I had no idea that my husband was involved in criminal activity. You can't forfeit my interest of the house. And you cut a deal. That's not what they did. The way it's done has to be consistent with the law. And so this idea that, you know, she's guilty or she's a cohort or something, there's no evidence of that. And just to say it in a brief, it just, there's no evidence in the record that Brie had any knowledge that anything Andrew Lucas was doing was improper. And there's certainly evidence that she contributed her own funds and her own sweat equity and assumed the mortgage, agreed to assume the mortgage, a personal liability on the mortgage with no knowledge of any of her husband's criminal activity. So how it's done matters. Here, it wasn't done properly. They may have a way, a mechanism to get his interest in the LLC through the criminal case, but what they've done here is they've taken her interest in his criminal case improperly. By forfeiting the farm, they're essentially forfeiting the, you know, her interest in an LLC too, because they're making it worthless. Just out of curiosity, who holds title right now today? The LLC. The LLC holds title to the farm. And as a result, the LLC does ownership of the farm, then it burdened the lien or the title to the farm with the New Jersey program by, you know, clouding the title forever by preserving it as a farm. The LLC did that and then got paid the million dollars that then it used to pay off the bank. But that was an LLC, the farm is still owned by the LLC. It's, they never changed the name of the LLC. So it was, you know, it was created as an LLC for development purposes. It still has the name of, you know, a diamond development rather than, you know, you could certainly change it to Burke Farm LLC because now it's forever designated as a farm. Judge Hardiman, Judge Mady, do you have any questions? Okay, thank you. I'd like to thank counsel for their excellent argument and excellent briefing in this case. We will take the case under advisement.